Entered on Docket June 16, 2015

**Below is the Order of the Court.**



_____
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| In re: | Case No. 15-41405-BDL |
|---|---|
| ANH-THU THI VU, | **MEMORANDUM DECISION RE TRUSTEE'S OBJECTION TO CONFIRMATION** |
| Debtor. | |

Debtor Anh-Thu Thi Vu ("Debtor") filed her chapter 13 plan (the "Plan") on April 13, 2015 [ECF no. 12], and the Chapter 13 Trustee ("Trustee") filed an objection to confirmation of the Plan [ECF no. 18]. A hearing was held on May 27, 2015. Debtor appeared through her counsel, Robert Cadranell, and Trustee appeared through his counsel, Mike Malaier. After hearing oral arguments from both parties the Court took the matter under advisement.

There is no dispute that Debtor's income is above-median, pursuant to her Form B22C-1 [ECF no. 13]. During the six months prior to filing her petition, Debtor voluntarily contributed

MEMORANDUM DECISION RE TRUSTEE'S OBJECTION TO CONFIRMATION - 1

an average of $877 per month[1] to her Thrift Savings Plan ("TSP") retirement program offered by her employer. On her Form B22C-2 ("Means Test"), Debtor entered $877 on Line 41 for "all qualified retirement deductions,"[2] resulting in monthly disposable income of $74 on Line 45 [ECF no. 13]. Debtor's Plan proposes monthly payments of $80 for 60 months [ECF no. 12].

Trustee objected to confirmation of the Plan, arguing that Debtor's voluntary retirement contribution is not an allowable deduction on her Means Test. Over the life of the Plan, unsecured creditors will receive a total of $4,619, approximately nine percent of Debtor's $50,343 scheduled unsecured debt, while Debtor will contribute over $50,000 to her TSP. Trustee first argues that Debtor has not correctly calculated her disposable income by taking the retirement deduction. Elimination of Debtor's voluntary retirement contribution would increase her monthly disposable income to $951, which would be sufficient to pay her unsecured creditors in full. Trustee also argues that the level of Debtor's contribution, which will fund her retirement ten times more than she is paying to unsecured creditors, renders her plan not filed in good faith.

I. <u>Disposable Income.</u>

If a chapter 13 trustee objects to confirmation of a debtor's plan, the Court may not confirm a chapter 13 plan unless it provides for the full repayment of unsecured claims or provides that "all of the debtor's projected disposable income to be received in the applicable commitment period… will be applied to make payments" in accordance with the terms of the

---

[1] Debtor contributed $875 per month between September 2014 and January 2015, and contributed $882 in February 2014. These contributions represent approximately 18% of her gross monthly income. Debtor's employer also makes monthly contributions to her TSP: a basic contribution of $43 and a matching contribution of $175.

[2] Form 22C-2 Line 41 prompts the debtor to provide "The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19)."

MEMORANDUM DECISION RE TRUSTEE'S OBJECTION TO CONFIRMATION - 2

plan. 11 U.S.C. § 1325(b)(1)(B); *Hamilton v. Lanning*, 560 U.S. 505, 509, 130 S. Ct. 2464, 177 L. Ed. 2d 23 (2010). "Projected disposable income" is not defined in the Bankruptcy Code; however, the Supreme Court of the United States has adopted the "forward-looking" approach which begins with "calculating disposable income," subject to the Court's discretion to account for "known or virtually certain" changes in the debtor's future income or expenses. *Hamilton v. Lanning*, 560 U.S. at 519.

For purposes of complying with § 1325(b)(1)(B)'s "projected disposable income" requirement, the Code defines "disposable income" as "current monthly income… less amounts reasonably necessary" for the maintenance or support of the debtor or the debtor's dependents. 11 U.S.C. § 1325(b)(2). Above-median income debtors who pursue the "amounts reasonably necessary" path quickly meet a dead end: Section 1325(b)(3) provides that, for above-median-income debtors, "amounts reasonably necessary" are determined by sections 707(b)(2)(A) and (B), neither of which provide for voluntary retirement contributions as an allowable, necessary expense. As discussed *infra*, some courts hold that for the purposes of calculating "disposable income" under § 1325(b)(2), voluntary retirement contributions cannot be deducted from current monthly income ("CMI") as "amounts reasonably necessary."

The fact that voluntary retirement contributions are not included in sections 707(b)(2)(A) and (B) does not end the discussion. The crux of the question of whether voluntary retirement contributions may be deducted in calculating disposable income is 11 U.S.C. § 541(b)(7)(A)(i) and a sentence appended thereto. Under § 541, property of the estate does not include any amount "withheld by an employer from the wages of employees for payment as contributions"

to qualifying retirement plans.[3] 11 U.S.C. § 541(b)(7)(A)(i)(I). That provision is subject to what has become known as the "hanging paragraph," an exception stating that such amount "shall not constitute disposable income as defined in section 1325(b)(2)." *Id.*

Section 541(b)(7)(A) and the hanging paragraph have caused wide disagreement among courts nationwide. The majority have followed the approach of *In re Johnson*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006), holding that voluntary retirement contributions do not constitute disposable income, regardless of whether the debtor was making contributions at commencement of the case. *See also In re Drapeau*, 485 B.R. 29, 34 (Bankr. D. Mass. 2013) (collecting cases). Following the Sixth Circuit Bankruptcy Appellate Panel in *In re Seafort* 437 B.R. 204 (B.A.P. 6th Cir. 2010), some courts have held that voluntary retirement contributions do not constitute disposable income, but only to the extent that those contributions were being made by the debtor as of the petition date. *Seafort*, 437 B.R. at 209, *aff'd on other grounds*, 669 F.3d 662 (6th Cir. 2012); *In re Jensen*, 496 B.R. 615, 621 (Bankr. D. Utah 2013). Finally, other courts have held that voluntary retirement contributions may not be excluded from disposable income at all. *In re Prigge*, 441 B.R. 667, 677 (Bankr. D. Mont. 2010); see also *In re McCullers*, 451 B.R. 498, 505 (Bankr.N.D.Cal.2011); *In re Parks*, 475 B.R. 703, 707 (B.A.P. 9th Cir. 2012) ("we find the *Prigge* line of cases persuasive").

*Prigge*'s holding relies on two lines of reasoning: First, that voluntary retirement contributions are not a necessary expense under § 707(b)(2); and second, that if Congress intended to exclude voluntary retirement contributions from disposable income it would have done so by enacting a provision similar to § 1322(f), which explicitly excludes retirement loan repayments. *Prigge*, 441 B.R. at 676-677. *Prigge*'s only reference to § 541(b)(7)(A) is included

---

[3] The parties do not dispute that Debtor's TSP is a qualifying retirement plan under the language of § 541(b)(7)(A)(i).

MEMORANDUM DECISION RE TRUSTEE'S OBJECTION TO CONFIRMATION - 4
Case 15-41405-BDL    Doc 31    Filed 06/16/15    Ent. 06/16/15 11:45:31    Pg. 4 of 8

in a footnote stating that "It seems intended to protect amounts withheld by employers from employees that are in the employer's hands at the time of filing bankruptcy, prior to remission of the funds to the plan." *Id.* at n. 5 (citing 5 COLLIER ON BANKRUPTCY, ¶ 541.22C[1] (15th ed. rev.)). At the end of that footnote, *Prigge* acknowledged the language of § 541(b)(7)(A)(i)'s hanging paragraph without providing any further analysis. *Prigge*, 411 B.R. at n. 5. Courts that have adopted *Prigge*'s result have exaggerated *Prigge*'s analysis of § 541(b)(7)(A) by citing *Prigge*'s footnote as though it were *Prigge*'s ultimate holding. See *Seafort*, 669 F.3d at 669; *McCullers*, 451 B.R. at 504; *Parks*, 475 B.R. at 708.

A more recent edition of Collier identifies *Prigge* as one of "a few courts [that] have concluded that section 541(b)(7) only protects retirement funds already in the hands of the employer," a conclusion that Collier explains "makes no sense" because disposable income only encompasses post-petition income, and because funds that have already been paid to the debtor's retirement account are addressed under other sections of the Bankruptcy Code. 5 COLLIER ON BANKRUPTCY, ¶ 541.23[1] (16th ed. rev.). Collier concludes that the reference to § 1325(b) in § 541(b)(7)(A)(i)'s hanging paragraph "removes any doubt" that qualifying voluntary retirement contributions "are to be excluded from the disposable income calculation." *Id.*

Collier takes issue with the Sixth Circuit Court of Appeals' reliance on Collier in *Seafort*, noting that the court did not consider Collier's "more in-depth discussion of disposable income at ¶ 1325.11[4]." *Id.* That section of Collier explains that qualifying retirement contributions are not considered disposable income, and cites *Seafort* as "erroneously holding" that § 541(b)(7) applies only to contributions in the hands of the employer on the petition date, "which is illogical" because disposable income only includes income received post-petition. 5 COLLIER

ON BANKRUPTCY, ¶ 1325.11[4][c] n. 5 (16th ed. rev.) (citing *McDonald v. Burgie* (*In re Burgie*), 239 B.R. 406 (B.A.P. 9th Cir. 1999) (Pre-petition assets have never been considered disposable income)). The only references to Collier in *Seafort* are in the context of citing *Prigge* and acknowledging *Prigge*'s reliance on Collier. *Seafort*, 699 F.3d at 670, 673.

Trustee's objection relies primarily on *Parks*, the Ninth Circuit Bankruptcy Appellate Panel's adoption of the *Prigge* approach. *Parks*, 475 B.R. at 707 ("we find the *Prigge* line of cases persuasive. To avoid repetition, we borrow heavily from these decisions.") The *Parks* panel held that "the most reasonable interpretation of § 541(b)(7)(A) is that it excludes from property of the estate only those [voluntary retirement] contributions made before the petition date." *Id.* at 708. *Parks* reconciled *Prigge*'s result with the language of § 541(b)(7)(A)(i)'s hanging paragraph by explaining that "such amount" means that only pre-petition contributions shall not constitute disposable income, and that "except that" simply clarifies that the voluntary retirement contributions excluded from property of the estate are not post-petition income to the debtor. *Id.* (citing *McCullers*, 451 B.R. 503-505).

This Court has previously attempted to reconcile the holding in *Parks* that under § 541(b)(7)(A) only pre-petition voluntary retirement contributions are excluded from property of the estate, and therefore only pre-petition contributions are excluded from "disposable income" as defined in § 1325(b)(2) with an interpretation that qualified retirement contributions do not "constitute disposable income as defined in section 1325(b)(2)…" *In re Bruce*, 484 B.R. 387, 394 (Bankr. W.D. Wash. 2012). In *Bruce*, the Court went beyond the analysis of *Prigge* and *Parks*, holding that § 541(b)(7)(A)(i)'s hanging paragraph excludes pre-petition voluntary retirement contributions from the calculation of "current monthly income," i.e., those

contributions made during the six-month CMI look-back period.[4] *Id.* If those contributions are deducted before determining the debtor's income during that six-month period pre-petition, those contributions are not "disposable income" as that term is defined in § 1325(b)(2), and the monthly average of the contributions during the six month period pre-petition should not be included in the calculation of CMI for purposes of calculating disposable income. *Id.*

While *Bruce* involved a below-median-income debtor, its reasoning regarding deducting voluntary retirement deductions from CMI is applicable to all chapter 13 debtors because calculating current monthly income is the starting point for determining "disposable income" under § 1325(b)(2), regardless of whether the debtor is above- or below-median-income. This result is also in harmony with a plain reading of the hanging paragraph, which provides that any amount withheld by an employer from the wages of employees for payment as contributions to a qualified retirement plan "shall not constitute disposable income as defined in § 1325(b)(2)." Using this approach, for all chapter 13 debtors, voluntary retirement contributions may be excluded from the calculation of disposable income, to the extent that those contributions were being made pre-petition during the six-month look-back period used to determine CMI.

This interpretation gives substantive application to the hanging paragraph, unlike the very narrow interpretation of that paragraph in *Prigge et al.;* it also results in above- and below-median debtors being treated the same, as opposed to having different rules for deductibility of voluntary retirement contributions; and it fosters the overall policy seen throughout the 2005

---

[4] Neither *Prigge* nor *Parks* considered whether voluntary retirement contributions are included in the calculation of CMI, which both courts acknowledge as an inherent first step for determining disposable income pursuant to § 1325(b)(2). *Prigge*, 411 B.R. at 674; *Parks*, 475 B.R. at 709.

amendments to the Bankruptcy Code of protecting debtors' retirement contributions.[5] *See, e.g., In re Smith*, No. 09–64409, 2010 WL 2400065, *3 (Bankr.N.D.Ohio, June 15, 2010) ("the enactment of section 541(b)(7) injected a policy favoring retirement savings into the bankruptcy code. Therefore, the harsh approach toward 401(k) contributions taken by courts pre-BAPCPA is no longer warranted."). Using this approach, Debtor would not have treated her voluntary retirement contributions as a deduction in Line 41 of her Form B22C-2; rather, she should have subtracted those contributions made in the six-month pre-petition period in calculating CMI. In practice, this will result in virtually the same projected disposable income as Debtor's approach because she made the same contributions during each of the six months used to calculate CMI.

II. Good Faith.

Trustee also argues that the amount of Debtor's TSP contributions, when considering all of her financial circumstances, constitute a lack of good faith in the filing of the Plan. It is typical for courts that allow voluntary post-petition retirement contributions to further subject those contributions to a good faith analysis under § 1325. *In re Jensen*, 496 B.R. 615, 620 (Bankr. D. Utah 2013). The Court has not ruled on whether and to what extent the debtor's deducting qualified retirement contributions from her income in calculating CMI and disposable income might constitute a lack of good faith in filing a chapter 13 plan. If the parties do not resolve their differences based on the Court's ruling herein, they should contact the Court to arrange a hearing on this issue.

/// END OF ORDER ///

---

[5] *See generally* Pernell W. McGuire, Aubrey L. Thomas, "401(k) Contributions Under Post-BAPCPA Case Law," Am. Bankr. Inst. J., March 2013, 18-19.